IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1249-12






KEVIN RAY HENSON, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Meyers, J., filed a dissenting opinion.


DISSENTING OPINION 



 The majority holds that a defendant must raise a speedy-trial claim in the trial court
in order to preserve the issue for appellate review. The majority seems to be applying the
rules of preservation to a right that is owed to the defendant even though preservation
analysis is for error. Failure to request a speedy trial is not an error, thus there is nothing
to preserve. If the defendant had requested a speedy trial and the request had been
improperly denied then we may be dealing with error preservation, but that did not occur
here. 

 We should not categorically say that a defendant cannot complain for the first time
on appeal that he failed to get his constitutional right to a speedy trial. An appellant is
certainly less likely to get relief if he waits until the point of appeal to raise the speedy-
trial issue, but failure to raise the issue at trial does not in and of itself preclude an
appellant from relief. (1) The right to a speedy trial is not in the category of complaints that
must be preserved under Texas Rule of Appellate Procedure 33.1 by filing a request,
objection, or motion in the trial court. Instead, it is waivable only and is not extinguished
by inaction alone. There could be reasons that the defendant did not file a motion for a
speedy trial and reasons that relief should be granted on appeal. Whether a defendant
waived the right to a speedy trial must be analyzed on a case-by-case basis and waiver of
the right should not be presumed unless the delay was caused by the defendant. Much
like the right to a trial by jury, the record must affirmatively show that the right was
consciously waived. 

 The record here does not reflect that the defendant waived his constitutional right
to a speedy trial. The court of appeals erred in concluding that Appellant's failure to file
a motion for speedy trial or motion to dismiss the indictment for lack of a speedy trial
precluded him from appellate review. Because preservation analysis is for error, not for
the category of constitutional rights that belong to the defendant unless affirmatively
waived, I respectfully dissent to the majority's holding that a defendant must preserve his
right to a speedy trial by raising the issue in the trial court. 


Filed: September 11, 2013

Publish
1. See Barker v. Wingo, 407 U.S. 514, 532 (1972) ("We emphasize that failure to assert
the right will make it difficult for a defendant to prove that he was denied a speedy trial.")